IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OCTAVIOUS D. RODGERS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:24-cv-02604-SHL-tmp |
| SHELBY COUNTY CRIMINAL COURT, | ) |
| Respondent. | ) |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND
DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD AND
A RESPONSE TO THE § 2254 PETITION**

Petitioner Octavious D. Rodgers, Tennessee Department of Correction prisoner number 400247, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, filed a petition under 28 U.S.C. § 2254.[1] (ECF No. 2.) Rodgers paid the $5.00 habeas filing fee. (ECF No. 4.) His petition is before the Court on preliminary review.

Respondent is **ORDERED** to file an answer or otherwise respond to the § 2254 petition by **September 1, 2025**. The answer shall include the complete state-court record, organized and

---

[1] The Clerk is **DIRECTED** to record the Respondent as Warden Brian Eller and to terminate Shelby County Criminal Court as a party to this action. See Fed. R. Civ. P. 25(d); see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

The Clerk is further **DIRECTED** to modify the docket to reflect Petitioner's current address and to mail a copy of this order to the following address:

Octavious D. Rodgers
TDOC # 400247
P.O. Box 5000
Mountain City, TN 37683-5000

appropriately indexed, as required by Administrative Order 16-31.[2] See 28 U.S.C. § 2254(b)(1). For each claim, the answer shall, at a minimum, address the timeliness of the § 2254 petition; state whether the claim was exhausted in whole or in part in state court; and assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Under Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the § 2254 petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

The Clerk is **DIRECTED** to send a copy of the § 2254 petition (ECF No. 2) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. See Habeas Rule 4.

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. See Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; see also Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed August 1, 2025).

The Clerk is also **DIRECTED** to mail the parties the form for Notice, Consent, and Reference of A Civil Action to A Magistrate Judge (AO 85).

**IT IS SO ORDERED** this 4th day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
